UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LARISA SAKHANSKIY,<br><br>Defendant. | No. 2:13-cr-00160-TLN-AC<br><br><br><br>**ORDER** |

This matter is before the Court on Defendant Larisa Sakhanskiy's ("Defendant") Second Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (ECF No. 277.) The Government filed an opposition. (ECF No. 281.) Defendant filed a reply. (ECF No. 287.) For the reasons set forth below, the Court DENIES Defendant's motion.

///
///
///
///
///
///
///
///

### I. FACTUAL AND PROCEDURAL BACKGROUND

On September 11, 2015, Defendant was found guilty by jury trial of four counts of a five-count Indictment. (ECF No. 154.) Count One charged Arson to Commit Another Felony in violation of 18 U.S.C. § 844(h)(1), Counts Two and Three charged Mail Fraud in violation of 18 U.S.C. § 1341, and Count Five charged Arson in violation of 18 U.S.C. § 844(i). (*Id.*)

On February 4, 2016, the Court sentenced Defendant to a 180-month term of imprisonment to be followed by a 36-month term of supervised release. (ECF No. 196.) Defendant is currently serving her sentence at FCC-Dublin. She has served approximately 95 months of her 180-month sentence, and her projected release date with the application of good conduct time is June 22, 2027. (ECF No. 281-1 at 4.) On June 2, 2023, Defendant, proceeding *pro se*, filed the instant motion for compassionate release. (ECF No. 277.)

### II. ANALYSIS

#### A. Exhaustion

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010). The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to the general rule. However, relief under 18 U.S.C. § 3582(c)(1)(A) is only available

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).

In the instant case, it is undisputed that Defendant has met the threshold exhaustion requirement. Defendant made a request to the warden on March 14, 2023. (ECF No. 277-3 at 1.) Because more than 30 days have elapsed since that request, Defendant has met the exhaustion requirement. *See* 18 U.S.C. § 3582(c)(1)(A).

#### B. Extraordinary and Compelling Reasons

Despite having met the exhaustion requirement, Defendant is eligible for compassionate release only if she can demonstrate there are "extraordinary and compelling reasons" for a

sentence reduction and such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).  The Ninth Circuit has held that "the current version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda*, 993 F.3d 797, 802 (2021). The Ninth Circuit explained "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding."  *Id.*  The Court thus looks to § 1B1.13 as persuasive authority.

Defendant argues the following constitute extraordinary and compelling reasons for her release: (1) her medical conditions, such as hypertension and a compromised immune system, which make her more vulnerable to COVID-19; and (2) the lack of medical care services at her facility.  (ECF No. 277-3 at 2.)  In opposition, the Government argues that none of these circumstances justify Defendant's release.  (ECF No. 281.)

The Court agrees with the Government that Defendant has not shown that her medical conditions constitute extraordinary and compelling reasons for release.  Defendant's medical records, filed under seal by the Government, indicate he is suffering from various conditions, including: mild leukopenia, Vitamin D deficiency, carpal tunnel, eye problems, essential (primary) hypertension, varicose veins, GERD, alopecia, arthropathy, and bursal cyst.  (Exhibit 2 at 21–22.)  The Court agrees with the Government these conditions do not amount to extraordinary or compelling circumstances, as it appears none of the conditions substantially diminish Defendant's ability to provide self-care and the BOP is capable of adequately treating those conditions.[1]

Accordingly, the Court finds Defendant has not shown extraordinary and compelling reasons for release.

///

///

---

[1] To the extent Defendant also challenges the conditions of her confinement, venue is improper in the Eastern District of California.  *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000).  Because Defendant is confined in FCC Dublin, her complaints about the conditions of her confinement must be brought in the Northern District of California.

         C.       18 U.S.C. § 3553(a) Factors

In addition, the Court finds a sentence reduction is not warranted under the 18 U.S.C. § 3553(a) ("§ 3553(a)") factors. *See* 18 U.S.C. § 3582(c)(1)(A) (requiring consideration of the § 3553(a) factors before granting compassionate release).

The Court notes at the outset that Defendant's conviction on Count One carries a statutory 10-year sentence that must run consecutive to other counts and her conviction on Count Five carries a five-year statutory minimum. In other words, Defendant's 180-month sentence represents the statutory minimum. In arguing the § 3553(a) factors warrant a time served sentence, Defendant discusses her rehabilitation efforts in prison, her release plan, and her lack of criminal history. The Court already took Defendant's lack of criminal history into account at sentencing, and Defendant has not shown that any new factors support a sentence reduction from her 180-month term of imprisonment. In particular, the nature and circumstances of Defendant's offense are serious — Defendant and her husband were found guilty by a jury of intentionally setting their home on fire and committing fraud-related crimes because of their financial difficulties. The scheme caused $539,896.63 in loss and placed first responders in danger. (ECF No. 180 at 5.) Accordingly, the Court finds a 180-month sentence is reasonable but not greater than necessary to deter Defendant and others from committing similar crimes, to promote respect for the law, and to provide just punishment.

**III.    CONCLUSION**

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Compassionate Release. (ECF No. 277.)

IT IS SO ORDERED.

Date: August 21, 2023

Troy L. Nunley
United States District Judge