UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:13-cr-00160-TLN-AC |
| Plaintiff, | |
| v. | **ORDER** |
| LARISA SAKHANSKIY, | |
| Defendant. | |

This matter is before the Court on Defendant Larisa Sakhanskiy's ("Defendant") Third Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (ECF No. 299.) The Government filed an opposition. (ECF No. 306.) Defendant filed a reply. (ECF No. 311.) For the reasons set forth below, the Court DENIES Defendant's motion.

///
///
///
///
///
///
///
///

1

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

On September 11, 2015, a jury found Defendant guilty of four counts of a five-count Indictment. (ECF No. 154.) Count One charged Arson to Commit Another Felony in violation of 18 U.S.C. § 844(h)(1), Counts Two and Three charged Mail Fraud in violation of 18 U.S.C. § 1341, and Count Five charged Arson in violation of 18 U.S.C. § 844(i). (*Id.*)

On February 4, 2016, the Court sentenced Defendant to a 180-month term of imprisonment to be followed by a 36-month term of supervised release. (ECF No. 196.) The Court also ordered Defendant to pay a $400 special assessment and $539,896.63 in restitution. (*Id.*) Defendant is currently serving her sentence at Federal Medical Center-Lexington ("FMC-Lexington"). (ECF No. 306-1 at 2.) She has served approximately 110 months of her 180-month sentence, and her projected release date with the application of good conduct time is June 21, 2028. (*Id.* at 4.)

Defendant filed two prior motions for compassionate release, both of which the Court denied. (ECF Nos. 275, 292.) Notably, the Ninth Circuit Court of Appeals affirmed this Court's denial of Defendant's second motion for compassionate release. (ECF No. 297.) On August 26, 2024, Defendant, proceeding *pro se*, filed a third motion for compassionate release, in which she again seeks a timed served sentence. (ECF No. 299.)

**II.   ANALYSIS**

   A.   Exhaustion

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010). The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to the general rule. However, relief under 18 U.S.C. § 3582(c)(1)(A) is only available

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).

///

In the instant case, it is undisputed that Defendant has met the threshold exhaustion requirement. Defendant made a request to the warden on April 16, 2024. (ECF No. 306 at 5.) Because more than 30 days have elapsed since that request, Defendant has met the exhaustion requirement. *See* 18 U.S.C. § 3582(c)(1)(A).

B.  Extraordinary and Compelling Reasons

Despite having met the exhaustion requirement, Defendant is eligible for compassionate release only if she can demonstrate there are "extraordinary and compelling reasons" for a sentence reduction and such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Ninth Circuit has held that "the current version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda*, 993 F.3d 797, 802 (2021). The Ninth Circuit explained "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Id.* The Court thus looks to § 1B1.13 as persuasive authority.

As with her previous motions for compassionate release, Defendant argues her inability to receive adequate care for her medical conditions constitutes extraordinary and compelling reasons for her release. (ECF No. 299.) Defendant submitted various attachments with her motion: (1) her request for compassionate release sent to the warden; (2) a recidivism risk assessment; (3) an order regarding closure of FCI-Dublin, a facility where Defendant was previously housed; (4) pictures of Defendant's prison identification card showing she has suffered total hair loss since she entered prison; and (5) a letter Defendant wrote to the Attorney General detailing her inability to receive adequate medical care while in custody. (ECF Nos. 299, 303.)

Defendant's medical records, filed under seal by the Government, indicate she is suffering from various conditions, including mild leukopenia, Vitamin D deficiency, eye problems, essential (primary) hypertension, gastroesophageal reflux disease, and alopecia universalis. (ECF No. 310.) The Court agrees with the Government these medical conditions do not amount to extraordinary or compelling circumstances, as it appears none of the conditions substantially diminish Defendant's ability to provide self-care and the BOP is capable of adequately treating

3

those conditions. Defendant also appears to argue that her rehabilitation and her low risk of recidivism establish extraordinary reasons and compelling reasons for release. (ECF No. 299.) However, Defendant fails to persuade the Court that either of those are grounds for release.

Accordingly, the Court finds Defendant has not shown extraordinary and compelling reasons for release.

### C. 18 U.S.C. § 3553(a) Factors

In addition, for the same reasons discussed in its prior order, the Court again finds a sentence reduction is not warranted under the 18 U.S.C. § 3553(a) ("§ 3553(a)") factors. *See* 18 U.S.C. § 3582(c)(1)(A) (requiring consideration of the § 3553(a) factors before granting compassionate release). Defendant's conviction on Count One carries a statutory 10-year sentence that must run consecutive to other counts and her conviction on Count Five carries a five-year statutory minimum. In other words, Defendant's 180-month sentence represents the statutory minimum. Defendant argues her rehabilitation, time already served, and low recidivism score weigh in favor of a time served sentence. (ECF No. 299.) However, the nature and circumstances of Defendant's offense are serious — Defendant and her husband were found guilty by a jury of intentionally setting their home on fire and committing fraud-related crimes because of their financial difficulties. The scheme caused $539,896.63 in loss and placed first responders in danger. (ECF No. 180 at 5.) Defendant fails to persuade the Court that her rehabilitation efforts, low recidivism score, or need for medical care outweigh the other § 3553(a) factors that support Defendant's 180-month sentence.

### III. CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Compassionate Release. (ECF No. 299.)

IT IS SO ORDERED.

Date: November 21, 2024

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE